UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04 1143 RGS

MAGISTRATE JUDGE *Alexander*

DANIEL S. KING
     Plaintiff,

vs.

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF STATE POLICE
and
LT. THOMAS E. CURREN individually
     Defendants.

) 
)
)
)
) CIVIL ACTION # _____
)
)
)
)
)
)

RECEIPT # _56841_
AMOUNT $ .60
SUMMONS ISSUED Y(S)
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. TOM
DATE 6/23/04

**VERIFIED COMPLAINT**
**(JURY TRIAL REQUESTED)**

1.  Daniel S. King (hereinafter "King") is an individual residing at 64 Dysart Street, Quincy, MA 02169.

2.  The Defendants, the Commonwealth of Massachusetts, Department of State Police and Lt. Thomas E. Curran, individually (hereinafter "DSP") with a usual place of business at 470 Worcester Road, Framingham, MA 01742.

**FACTS**

3.  On December 1, 2000, while assigned to fill in at the Quincy Armory Registry of Motor Vehicle Road Test site located in Quincy, Massachusetts, a woman, Mrs. Lynch, and her son, came to the Road Test site for an appointment however; the name did not appear on the list so they were instructed to make an appointment.

4.  Trooper O'Connell relayed that message to Lt. Thomas Curren who had apparently called in a special Road Test appointment for Lynch.

5.  Lt. Curren arrived at the Road Test site to administer the road test for Lynch.

6.  The Plaintiff asked Lt. Curren if he was going to use the state police vehicle to conduct a Road Test and he said rudely, "yes do you have a problem with that?"

1

7.   The Plaintiff indicated that he did not think that the insurance covered such use. Again Lt. Curren asked the Plaintiff if he had a problem with that and indicated that the Plaintiff was being disrespectful, was being relieved of duty and to leave the building.

8.   Curren reported that Plaintiff King in leaving the seen of their discussion ran over his foot with his cruiser.

9.   King was placed under investigation and went through a formal internal investigation and hearing process in which it was established that Curren lied about the Plaintiff running over his foot and in fact Curren was in violation of regulations for attempting to use a State Vehicle for a private purpose and making false charges against another officer.

10.  Curren received minor disciplinary action for his violations while Plaintiff King's record is permanently marred ultimately affecting any future opportunities for him to seek and obtain a transfer or promotions.

11.  In the last paragraph of the Internal Affairs Investigation Lt. Curren states: "In summary, the aforementioned act and omissions attributable to Trooper King can only be construed as irrational, unreasonable, unprofessional and unsafe. Accordingly, it is the opinion of this officer that Trooper King may be unsuitable for duty and therefore, should be relieved of same pending a medical // psychological evaluation and investigation of this matter."

12.  Although by June 27, 2001, King was finally notified he was cleared of all charges, the action taken by the State Police Department permanently marred Kings professional reputation, caused intentional mental distress and further humiliated him in front of his peers, as yet another incident in a long pattern of

dissimilar treatment of King in comparison to the treatment of other similar situated State Troopers.

13. On April 13, 1999 the Plaintiff responded to a motor vehicle accident in Milton, MA within the State Police jurisdiction.

14. Sgt. Mark Evans turned the case over to the Milton Police Department, later when the Milton Police Department turned the case back over to the State Police; Sgt. Mark Evans chastised the Plaintiff for not sharing information with the Milton Police.

15. Not long after that incident the Plaintiff, while on routine patrol, responded to an audible alarm. When he radioed for back up Sgt. Mark Evans, who was in the vicinity, would not respond requiring other officers who were not on duty to back up the Plaintiff.

16. In a separate incident, when the Plaintiff requested a second signature on a Registry of Motor Vehicle Threat Notice, Sgt. Mark Evans refused to sign.

17. Sgt. Mark Evans also divulged confidential information regarding the Plaintiff to a suspect and committed other harassment acts towards the Plaintiff.

18. The Plaintiff was also required to undergo driver training after a very minor accident with his police cruiser. A requirement no other Trooper was subjected to for the same type of incident.

19. On February 9, 1998 when the Plaintiff requested an investigation into State Police wrong doing and corruption, Lt. Colonel John DiFava issued the Plaintiff a written letter of counseling.

20. On January 10, 1995 the Plaintiff was assigned to the Pre-Term Abortion Clinic.

21. When the Plaintiff requested that he not be assigned based on his religious beliefs, Lt. Colonel Glenn Anderson constantly and knowingly gave the Plaintiff

3

assignments at the Abortion Clinic instead of a patrol route. Other troopers were never assigned to the very clinic that he was assigned. On October 2, 1992 a girlfriend had an abortion there and terminated their relationship. Other troopers who were willing to work there were not assigned.

22. The Plaintiff was subsequently subject to a great deal of harassment by other officers.

23. When the Plaintiff made his superior officers aware of this harassment, the harassment did not stop, but instead it increased.

## CAUSES OF ACTION

## COUNT I-VIOLATION MASS. GENERAL LAWS CHAPTER 149 SECTION 185, THE WHISTLE BLOWER STATUTE

24. The plaintiff, King, realleges and incorporates by reference herein the allegations set forth in paragraphs one through twenty-three.

25. That the Plaintiff, King, has since 1995 been discriminated against due to his reporting violations by other officers and the treatment by the State Police Department is a violation of the Whistle Blower Statute of the United States Government, Chapter 149 Section 185, which prohibits retaliatory actions against employees who have reported wrongdoings to a disciplinary body or public policy making body such as the Inspector General's Office in that the State Police Department has acted in a manner that is detrimental to public policy and public good.

26. Curran as Lieutenant hid incidents in which prompted an investigation of the Plaintiff, and ultimately marred the Plaintiff's professional reputation permanently.

**Wherefore,** the plaintiff, Daniel S. King, demands a judgment for damages both compensatory and punitive against the Defendant, Commonwealth of Massachusetts, Department of State Police and Lt. Thomas E. Curran individually, in an amount this

4

Court deems just and appropriate with interest, and cost of this action including attorney's fees.

## Count II – Violation of 1st Amendment Rights

27. The plaintiff, King, realleges and incorporates by reference herein the allegations set forth in paragraphs one through twenty-six.

28. That the actions of the State Police Department have violated Plaintiffs First Amendment Rights as to his freedom of speech and to hold political beliefs and freedom of association with people of similar political beliefs in its treatment of him regarding his pro-life beliefs, statements and requests not to be assigned to protection of abortion clinics.

    **Wherefore**, the plaintiff, Daniel S. King, demands a judgment for damages both compensatory and punitive against the Defendant, Commonwealth of Massachusetts, Department of State Police and Lt. Thomas E. Curran individually, in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

## Count III – Violation of 14th Amendment Rights

29. The Plaintiff, King, realleges and incorporates by reference herein the allegations set forth in paragraphs one through twenty-eight.

30. The pattern of behavior of the State Police Department in its treatment of the Plaintiff King was different than that of other State Police Troopers of similar rank and time in service. No other trooper has been wrongly disciplined, investigated, and chastised as the Plaintiff King. That his severe and different treatment is a violation of his 14th amendment rights under the United States Constitution guaranteeing Plaintiff equal protection under the law and Plaintiff is entitled to recover damages under 42 U.S.C. 1983.

5

31.    The State Police Department in its treatment of King has committed an act against the

best interests of Public Policy and welfare, violated his 1st and 14th Amendment

Constitutional rights and is liable for damages under 42 U.S.C. Sec. 1983.

**Wherefore**, the Plaintiff, Daniel S. King, demands a judgment for damages both

compensatory and punitive against the Defendant, Commonwealth of Massachusetts,

Department of State Police and Lt. Thomas E. Curran individually, in an amount this

Court deems just and appropriate with interest, and cost of this action including

attorney's fees.

<u>**THE PLAINTIFF REQUESTS A JURY TRIAL.**</u>

Daniel S. King,
By his attorney

Joseph R. Gallitano
34 Main Street Ext.
Suite 202
Plymouth, MA  02360
(508) 746-1500
Dated: June 21 , 2004        BBO # 183700

## <u>VERIFICATION OF COMPLAINT</u>

I, Daniel S. King, being first duly sworn, state that I am the Plaintiff in the above-entitled action, that I have read the foregoing complaint and know the contents thereof, and that the same is true to my own knowledge and belief.

_____
Daniel S. King

June 21 , 2004

7

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Daniel S. King v.__
__The Commonwealth of Massachusetts Dept. of State Police, et al__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    __ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    \*Also complete AO 120 or AO 121
              740, 790, 791, 820\*, 830\*, 840\*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

    __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

    __ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

    __ V. 150, 152, 153.

**04 11438 RGS**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    None.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
COURT?

                                      YES       (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
PUBLIC INTEREST? (SEE 28 USC §2403)

                                        YES       (NO)

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                        YES       NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
28 USC §2284?

                                        YES       (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                        YES       NO

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       (EASTERN DIVISION)       CENTRAL DIVISION       WESTERN DIVISION

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
       GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION       CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Joseph R. Gallitano, Esq.__
ADDRESS __34 Main St. Ext., Suite 202, Plymouth MA 02360__
TELEPHONE NO. __(508) 746-1500__

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Daniel S. King

## DEFENDANTS

Commonwealth of Massachusetts Dept. of State Police and Lt. Thomas E. Curran, Individually

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Joseph R. Gallitano, Esq.
34 Main St. Ext.
Plymouth MA  02360
(508) 746-1500  BB) # 183700

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties
      in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

The Plaintiff's 1st Amendment Rights were violated for freedom of speech.  The Plaintiff's 14th Amendment Rights were violated and the plaintiff is entitled to recover damages under 42 U.S.C. 1983.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ YES    ☐ NO

## VIII. RELATED CASE(S) (See instructions):
### IF ANY
JUDGE _____    DOCKET NUMBER _____

DATE    **June 22, 2004**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____